(90 Misc. Rep. 684)

KALASHETZ v. RAFSKY et al.

(Supreme Court, Appellate Term, First Department.  June 23, 1915.)

1. VENDOR AND PURCHASER ⬩79—CONTRACT TO REMOVE TENEMENT HOUSE
VIOLATIONS—CONSTRUCTION.
    Where the seller of tenement house property contracted to remove four
"violations" imposed by the tenement house department on the premises,
which the buyer was then about to purchase, one of the most important
"violations" being that certain alterations had been made in the house
a year and a half before without plans filed and approved, such con-
tract could not be construed to obligate the seller of the property to
make reconstructions required by the "violations."
    [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§
7, 8, 127–131; Dec. Dig. ⬩79.]

2. APPEAL AND ERROR ⬩1062—PREJUDICIAL ERROR.
    In an action against vendors of tenement house property for breach
of an agreement to remove "violations" thereon imposed by the tenement
house department, the erroneous submission to the jury, as an element
of damage, of rents lost during a period of reconstruction, which the
buyer contended that the sellers by their contract were obligated to per-
form, was reversible error, although the verdict was for less than the
amount that the buyer claimed the repairs cost.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4212–
4218; Dec. Dig. ⬩1062.]

Appeal from City Court of New York, Trial Term.

Action by Anton Kalashetz against Charles S. Rafsky and another.
Judgment for plaintiff, and defendant Rafsky appeals.  Reversed, and
complaint dismissed.

Argued June term, 1915, before GUY, BIJUR, and PAGE, JJ.

Price Bros., of New York City (Valentine Taylor, of New York
City, of counsel), for appellant.

Merrill, Von Dorn & Rubinger, of New York City (Maurice Rubin-
ger, of New York City, of counsel), for respondent.

BIJUR, J.   Plaintiff sues for damages for breach of a written
agreement of defendants to "remove" four "violations" imposed by
the tenement house department on certain premises which plaintiff was
at that time (October, 1905) about to purchase from defendants.
Plaintiff insists, and successfully maintained below, that to "re-
move violations" means to do the work required by the violations.
He also maintains that, if the phrase be ambiguous, subsequent con-
versations between the parties, in one of which one of the defendants
"promised me it would be fixed," became material, and proof that
what was meant was actually doing the work.

[1] In the first place, I do not regard the phrase as ambiguous.
A person who desires work, alterations, or repairs to be made to a
house before he takes title can very readily express that requirement
in natural terms.  To express it in terms of "removing violations"
would be a circumlocution unreasonable and unnatural.  But, how-
ever that may be, in this particular case one of the most important
"violations" was that certain alterations had been made in the house
a year and a half before this agreement was made, and the violation

⬩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

consisted of "No plans filed and approved." Consequently, on the very face of the paper, if any ambiguity existed, it was by the nature of the case resolved against plaintiff's contention. No amount of physical repairs or alterations could remove a violation which consisted of the fact that previous repairs had been made without the approval of the plans therefor. Defendants proved conclusively by the records and officials of the tenement house department that the four violations enumerated had been canceled of record in the department. What actually happened was that, six years later, plaintiff, having perhaps partly been urged thereto by a refiling of these violations by certain inspectors (for reasons which do not appear) determined to reconstruct part of the premises, and finding, under the Tenement House Law as amended in 1912 (Laws 1912, c. 454), that this would have to be done with some slight reconstruction, desires to charge defendants with the expense therefor. I can see no basis for the claim, either under the contract alleged to have been broken or in any principle of law.

[2] The learned judge below also submitted to the consideration of the jury, as one of the elements of damage, rents lost during the period of reconstruction. Plaintiff respondent concedes, as it must, that this was improper, but urges that it was not prejudicial, because the verdict was for less than the amount which plaintiff claims the repairs cost. In view of our opinion on the merits of plaintiff's claim, this error becomes immaterial; otherwise, it would have, of itself, required a reversal.

Judgment reversed, with costs, and complaint dismissed, with costs to appellant. All concur.